IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RIGOBARTO CAMPOS, | ) | 8:06CV699 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| BARNEY G. INC., WESTWOOD USA MOBILE HOME PARK AND LEOURIETA B. GLASS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court after a hearing on damages on March 2, 2007. By previous order, this court entered a default judgment in favor of plaintiff for violations of the Fair Housing Acts of 1968 and 1988 (FHA), 42 U.S.C. §§ 3604 *et seq.*, the Nebraska Fair Housing Act, and the Nebraska Landlord/Tenant Act , Neb. Rev. Stat § 20-148, and set a hearing date for the determination of damages. Filing No. 12. The defendants did not appear at the hearing. The plaintiff seeks compensatory damages in the amount of $100,000.00 and punitive damages in the amount of $250,000.00.

The Fair Housing Act provides for the recovery of punitive damages by victims of discriminatory housing practices. *See* 42 U.S.C. § 3613(c)(1) (1994); *Badami v. Flood,* 214 F.3d 994, 997 (8th Cir. 2000). "[T]he assessment of punitive damages under the FHA is governed by federal rather than state law." *Id.* "Punitive damages are appropriate in a federal civil rights action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Id.* (*quoting Smith v. Wade,* 461 U.S. 30, 56 (1983). In the analogous contexts of the Civil Rights Act of 1991 and Title VII, punitive damages are limited "to cases in which the [defendant] has engaged in intentional

discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 529-30 (1999) (*quoting* 42 U.S.C. § 1981(b)(1)); *see Badami,* 214 F.3d at 997 (applying *Kolstad* standard to a Fair Housing Act claim). "The terms 'malice' and 'reckless' ultimately focus on the actor's state of mind." *Kolstad,* 527 U.S. at 535. Egregious misconduct is evidence of the requisite mental state. *Id.* at 535, 538 (stating "[t]o be sure, egregious or outrageous acts may serve as evidence supporting an inference of the requisite 'evil motive'"). A plaintiff may also establish the requisite state of mind for an award of punitive damages with evidence that the defendants discriminated "in the face of a perceived risk that its actions [would] violate federal law." *Id.* at 536.

The evidence adduced at the hearing shows that the plaintiff resided in the Westwood U.S.A. Mobile Home Park, a trailer park owned by defendant Leourieta Glass. Leourieta Glass was plaintiff's landlord. Payments for rent were made to Barney G., Inc. All of the tenants in the trailer park were Hispanic. Plaintiff testified that he acted as spokesperson for the tenants.

Plaintiff testified that he was discriminated against in housing by reason of his national origin. Plaintiff also testified that defendant Leourieta Glass retaliated against him for exercising his rights under the Fair Housing Act. He organized a petition regarding substandard living conditions and also filed a complaint against Glass with the Nebraska Equal Opportunity Commission. In response to those actions, Leourieta Glass filed a frivolous multimillion-dollar lawsuit against him.

Plaintiff testified he and other Hispanic tenants were subjected to deplorable and dangerous living conditions and substandard facilities. The trailer park's water was turned off on two occasions as a result of the landlord's failure to pay the bill and

tenants were forced to use bathroom facilities at the public library. Glass failed to remove dead and rotting animals from vacant trailers and failed to provide trash removal.

Plaintiff and his family were forced to relocate as a result of the substandard conditions and were denied financing because of the defendant's then-pending multimillion dollar lawsuit. Plaintiff also incurred legal costs in defense of the lawsuit. Plaintiff has shown that he suffered severe emotional distress as the result of defendant's actions.

The court finds defendant Leourieta Glass's conduct was egregious. The court further finds the evidence shows that defendant Glass acted in callous and reckless disregard for the plaintiff's federally protected rights. Accordingly, plaintiff is entitled to a judgment against all defendants for compensatory damages in the amount sought. Plaintiff is also entitled to an award of punitive damages against defendant Leourieta Glass; however, plaintiff has not shown a reason to impose vicarious liability for punitive damages against the other defendants. Accordingly,

IT IS HEREBY ORDERED that judgment is entered in favor of the plaintiff and against the defendants in the amount of $100,000.00 for compensatory damages; and judgment is entered in favor of the plaintiff and against defendant Leourieta Glass in the amount of $250,00.00 for punitive damages.

DATED this 3rd day of April, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

3